**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DAVID J. JOHN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>L.S. McEWEN,<br><br>　　　　　Respondent. | No. CV 12-5174-DMG (PLA)<br><br>**ORDER ACCEPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE** |

On March 22, 2017, the United States Magistrate Judge issued a Report and Recommendation, recommending that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice. (Docket No. 94). On April 5, 2017, Petitioner filed objections to the Report and Recommendation. (Docket No. 95).

The bulk of Petitioner's objections is adequately addressed in the Magistrate Judge's Report and Recommendation. One of those objections, however, warrants further discussion. Specifically, Petitioner contends that the Magistrate Judge erred in analyzing Petitioner's claim that trial counsel provided ineffective assistance in failing to move for a new trial based on juror misconduct. (Objections at 1). That claim, according to Petitioner, rested on two different theories: one based on federal constitutional law of juror bias, and the other based on California law of juror bias. (Id.). Petitioner maintains that the Magistrate Judge addressed only the former theory, while omitting any discussion of the latter theory. (Id.). Petitioner claims that this omission

was critical because, unlike the Federal Rules of Evidence, California evidentiary law does not prohibit juror testimony showing juror bias. (Id. at 1-4). Consequently, according to Petitioner, the Magistrate Judge's conclusion that Federal Rule of Evidence 606(b) prohibits consideration of the juror affidavit submitted by petitioner was erroneous, at least as applied to Petitioner's theory that counsel erred in failing to move for a new trial based on juror bias under California law. Moreover, according to Petitioner, the juror affidavit proves that relief was warranted because an unnamed juror's pre-deliberation statements that he "already kn[ew] what [he was] going to do" and that he "wonder[ed] if the defense [was] going to put on a case" conclusively established that the juror was biased under California law. (Id. at 2-3).

Petitioner's objection is not well-taken. First, as the Magistrate Judge explained in his Report and Recommendation, the Federal Rules of Evidence governing competency of jurors as witnesses, rather than state law, are applicable to habeas corpus petitions to determine whether evidence is admissible to impeach a state court verdict. McDowell v. Calderon, 107 F.3d 1351, 1367-68 (9th Cir.), vacated in part on another ground, 120 F.3d 956 (9th Cir. 1997) (en banc) (holding that, pursuant to Rule 606(b), juror testimony is inadmissible to impeach state court verdict on federal habeas review).

Although Petitioner asserts that this rule is inapplicable where a Strickland claim is asserted based on counsel's failure to litigate a meritorious state law claim of juror bias, the Ninth Circuit has held otherwise. See Marintez v. McGrath, 535 F. App'x 614, 615 (9th Cir. Aug. 1, 2013). In Martinez, as here, the Petitioner, relying on a juror affidavit, alleged a claim of juror misconduct and a corresponding claim of ineffective assistance of counsel based on counsel's failure to investigate the alleged misconduct. Id. The Ninth Circuit held that Rule 606(b) prohibited consideration of the juror's affidavit in analyzing the petitioner's juror misconduct claim.[1] Consequently, according to the Ninth Circuit, the petitioner's "underlying claim of ineffective

---

[1] The Ninth Circuit would have considered the affidavit to the extent that it showed that the jurors considered extrinsic evidence in reaching their verdict. Martinez, 535 F. App'x at 615. However, after reviewing the record, the Ninth Circuit concluded that "there was no extrinsic evidence, and [the] [p]etitioner's claim of juror misconduct concern[ed] only what was discussed during deliberations." Id.

assistance of trial counsel, therefore, ha[d] no substance." Id. To be sure, in a concurring opinion, one of the judges on the panel opined that the juror affidavit was admissible to resolve the ineffective assistance of counsel claim because the affidavit would have been admissible under state law.[2] Id. (Ripple, J., concurring). However, no other judge on the panel joined that concurrence. Accordingly, Martinez's holding shows that, as the magistrate judge concluded, Rule 606(b) prohibits consideration of the juror's affidavit in resolving petitioner's ineffective assistance of counsel claim -- regardless of which theory petitioner advanced in support of that claim.

Second, as the Magistrate Judge also concluded in the Report and Recommendation, the statement on which Petitioner relies does not show juror bias under California law. In support of his claim of juror bias, Petitioner relies on Grobeson v. City of Los Angeles, 190 Cal. App. 4th 778, 118 Cal. Rptr. 3d 798 (2010). There, the appellant in a civil case argued that he was entitled to a new trial based on juror misconduct where, two weeks into a five-week trial, one of the jurors stated, "I made up my mind already. I'm not going to listen to the rest of the stupid argument." Id. at 784. When the plaintiff's counsel later contacted the juror, the juror confirmed that she had made up her mind to vote against the plaintiff during the second week of trial. Id.

On appeal, the California Court of Appeal held that the juror's statement warranted a new trial. In so holding, the Court of Appeal explained that the juror's statement that she had made up her mind about the case during the second week of trial "requires neither interpretation nor the drawing of inferences. It is a flat, unadorned statement that this juror prejudged the case long before deliberations began and while a great deal more evidence had yet to be admitted." Id. at 794.

Grobeson is distinguishable from this case for many reasons. First, unlike the juror in Grobeson, who evidently had determined which way she was going to vote two weeks into a five-week trial, the unnamed juror in Petitioner's case indicated that he had made up his mind as to

---

[2] The concurring judge in Martinez explained that the juror affidavit was insufficient to show that the petitioner was prejudiced by counsel's purported failure to investigate the alleged juror misconduct. Id. (Ripple, J., concurring) ("Despite my respectful disagreement about reliance on Rule 606(b), I believe that the evidence of record does not establish that the defendant was prejudiced by any shortcoming of counsel.").

which way he was voting after the close of the prosecution's evidence. Second, and more importantly, the unnamed juror in Petitioner's case never indicated that he would not fairly consider the evidence. Indeed, unlike the juror in Grobeson, who flatly stated that she was unwilling to listen to any more evidence, the unnamed juror in Petitioner's case expressed curiosity about whether Petitioner would present a defense. Given that fact, the unnamed juror's statement is insufficient to show that he was not "open to a fair consideration of the evidence, instructions, and shared opinions expressed during deliberations." People v. Allen, 53 Cal. 4th 60, 73, 133 Cal. Rptr. 3d 548, 264 P.3d 336 (2011). Finally, unlike the juror in Grobeson, who told the plaintiff's counsel that she had decided to vote against the plaintiff two weeks into the five-week trial, the unnamed juror in Petitioner's case did not indicate which way he planned to vote. To be sure, he ultimately voted in favor of convicting Petitioner, but his pre-deliberation statement, on its own, falls far short of the "flat, unadorned statement" that was present in Grobeson.

## **CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Magistrate Judge's Report and Recommendation, and Petitioner's objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.

2. Judgment shall be entered consistent with this Order.

3. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: September 18, 2017

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

4